UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Corey Bernell Richardson, | ) | Civil Action No.: 4:21-cv-03225-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers, III.[1] Plaintiff, Corey Bernell Richardson, brought this action pursuant to 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying his claims for disability insurance benefits ("DIB"). The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits. *See* ECF No. 36.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB and Supplemental Security Income ("SSI")[2] on September 2, 2010.[3] ECF No. 8-2 at p. 20. Plaintiff alleges disability due to chronic fatigue, high blood pressure, depression, arthritis, and headaches beginning July 31, 2004. Plaintiff's date last insured ("DLI") for disability coverage was December 31, 2005. Within the R&R, the Magistrate Judge adequately

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) for the District of South Carolina.

[2] Plaintiff subsequently withdrew his SSI claim.

[3] The post March 2017 regulatory law changes that affect the analysis of treating opinions and VA opinions do not apply to Plaintiff, as the original application was filed well before 2017.

details Plaintiff's medical history and Plaintiff's Veteran's Administration ratings/opinions ("VA Ratings"). As noted in the R&R, the decision of the Administrative Law Judge ("ALJ") that is before the Court is the one issued on January 30, 2020.[4] ECF No. 36 at p. 1. The ALJ found Plaintiff was not disabled under the Social Security Act during the relevant time period of July 2004 though December 2005 ("the relevant period"). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. The ALJ's findings are as follows:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2005, and not thereafter.
>
> 2. The claimant did not engage[] in substantial gainful activity from July 31, 2004, the alleged onset date, and December 31, 2005, the date his disability insurance coverage expired (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.)
>
> 3. Through December 31, 2005, the date the claimant's disability insurance coverage expired, the claimant had the following severe impairments: degenerative joint disease of the right ankle, degenerative joint disease of the knees, obesity, fatigue from an undiagnosed impairment, depression, and generalized anxiety disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. Through December 31, 2005, the date claimant's disability insurance coverage expired, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that

---

[4] As outlined in the R&R, this case has a complex procedural history that includes a remand by this Court, two remands by the Appeals Council, and Plaintiff withdrawing his claim for Supplemental Security Income ("SSI"). R&R, ECF No. 36 at pp. 1-2. Plaintiff is proceeding *pro se* in this appeal, but Plaintiff was represented by an attorney at the hearing before the ALJ on January 7, 2020.

       through December 31, 2005, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: occasional operation of foot controls, bilaterally; frequent stooping, kneeling, crouching, crawling, balancing, or climbing ramps and stairs but only occasional climbing ladders, ropes, and scaffolds; and, frequent exposure to hazards such as unprotected heights or dangerous machinery. Limited to perform simple, routine tasks, but is able to maintain concentration, persistence, or pace for periods for at least two hours at a time; and perform activities within a schedule, maintain regular attendance, and complete a normal workday and work week with no more than occasional interaction with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 2, 1969 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant was "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, through December 31, 2005, there were jobs that existed in significant numbers in the national economy that the claimant could perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2004, through December 31, 2005, the date his disability insurance coverage expired (20 CFR 404.1520(g) and 416.920(g)).

ECF No. 8-8 at pp. 29-53

Plaintiff filed this action on October 4, 2021, seeking judicial review of the Commissioner's decision. Compl. ECF No. 1. Both Plaintiff and the Commissioner filed initial briefs and Plaintiff filed a reply brief. *See* ECF Nos. 23, 24, and 31. The Magistrate Judge issued a Report and Recommendation on November 2, 2022, recommending that the Commissioner's decision be affirmed. R&R, ECF No. 36. Plaintiff filed objections to the R & R on November 22, 2022. ECF No. 38. The Commissioner filed a reply to Plaintiff's objections on November 29, 2022. ECF No. 41.

## **STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if

substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## **APPLICABLE LAW**

The Social Security Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make a disability determination, a Social Security adjudicator goes through a sequential five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the claimant must show that he was not engaged in "substantial gainful activity" at the relevant time. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he was engaged in "substantial gainful activity," he is not disabled and the inquiry ends. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step two requires the claimant show that he has a "severe" medical impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe" impairment is one that significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment ... is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a); *See also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (cleaned up). Without a severe impairment, the inquiry ends.

A claimant with a severe impairment can then establish disability, at step three, if his impairments meet or medically equal a "listed" impairment and meet the duration requirement. 20 C.F.R. Part 404, Subpart P, Appendix 1 (listed impairments); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520(d), 416.920(d), 404.1525, 404.1526.  An impairment meets the duration requirement if it has lasted or is expected to last for at least 12 months, unless death is

expected. 20 C.F.R. §§ 404.1509, 416.909.

If the claimant is not found disabled at step three, the ALJ proceeds to step four and considers the claimant's "residual functional capacity" and his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's residual functional capacity is his ability to do physical and mental work activities on a sustained basis. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations."). "To assess the claimant's Residual Functional Capacity, the ALJ must first identify the claimant's functional limitations or restrictions and assess the claimant's ability to do sustained work-related activities on a regular and continuing basis—i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 90 (4th Cir. 2020) (cleaned up). After the residual functional capacity assessment, the ALJ considers whether the claimant can still perform past relevant work despite the limitations identified. *Id*. If the claimant can still perform past relevant work, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the claimant can't perform his past relevant work, the ALJ moves to step five and considers the claimant's residual functional capacity, age, education, and work experience to determine whether he can adjust to other work available in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can adjust to other work available in the national economy, he is not disabled. If he cannot adjust and meets the duration requirement, then he is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). Though the claimant bears the burden of proof at the first four steps, the burden shifts to the Commissioner at step five, during which the ALJ typically relies on a vocational expert's testimony. *Arakas*, 983 F.3d at 90.

A reviewing court must uphold the ALJ's determination when the ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). In reviewing for substantial evidence, the court does not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

## ANALYSIS

Plaintiff's appeal from the ALJ's decision denying his claim for benefits concerns the ALJ's decision to not give substantial weight to the VA ratings.

"[P]ost-DLI medical evidence generally is admissible in [a Social Security Administration ("SSA")] disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 (4th Cir. 2012). If there is no evidence that post-DLI medical evidence is linked to a claimant's condition before his DLI, the ALJ is not required to give retrospective consideration. *Id*. Although an ALJ must give substantial weight to a VA disability rating, "[t]he ALJ may give less than substantial weight when the record before the ALJ clearly demonstrates that such deviation is

8

appropriate." *Id*. at 343.

Plaintiff argues the ALJ failed to provide persuasive, specific, valid reasons for not giving the VA ratings substantial weight. ECF No. 23  The Magistrate Judge disagreed and recommended this Court affirm the Commissioner's decision, noting Plaintiff "has failed to show that the Commissioner's decision was not based on substantial evidence." R&R at p. 20.  The Magistrate Judge thoroughly outlined the ALJ's assessment of the medical evidence and the VA ratings, including whether the records related back to the relevant period and how much weight should be assigned to the VA ratings.  The Magistrate Judge then found the following:

> The ALJ went piece-by-piece through the evidence explaining with supported reasoning whether evidence related back and the weight given to each VA opinion/rating.  The ALJ reviewed evidence for linkage, which exists when post-DLI evidence offers insight into impact on functional ability before the DLI.  An ALJ is not required to consider post-DLI evidence if there is no linkage; despite this, the ALJ here considered each VA decision and assigned it weight.  *See Parker v. Berryhill*, 733 Fed. Appx. 684, 687 (4th Cir. 2018).  The ALJ's explanations, reasons, and cited supporting evidence has allowed meaningful review by the court.  The ALJ has not run afoul of the precepts espoused in *Bird* as to post-DLI linkage or as to providing reasons for deviation from substantial weight to VA opinions.  Substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled during the relevant time period.  The ALJ adequately explained the consideration of the evidence and the weight of the evidence.  In accordance with the applicable regulations and Bird, the ALJ appropriately provided analysis of whether there was linkage to the relevant period when weighing each post-DLI VA rating decision.

R&R at pp. 19–20.

Plaintiff objects to the Magistrate Judge's recommendation, arguing he was disabled before, during, and after the relevant period and he would not have quit his job to live off of a $98 per

month from the Veteran's Administration if he was able to work.[5]  ECF No. 38.   However, Plaintiff does not specifically object to the Magistrate Judge's findings that the ALJ adequately evaluated the evidence and the VA ratings and provided supported reasoning for (1) whether the evidence related back to the relevant period and (2) the weight given to the VA ratings.  *See Diamond & Camby, supra* (stating that absent a specific objection, the Court need only review the R & R for clear error and need not give reasons for adopting it).  Regardless, the Court has conducted a de novo review and agrees with the Magistrate Judge that the ALJ acted in accordance with applicable regulations and *Bird* and substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled during the relevant time period.

## **CONCLUSION**

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law.  For the foregoing reasons, the Court respectfully overrules Plaintiff's objections and adopts and incorporates herein the Magistrate

---

[5]     Plaintiff notes he is a *pro se* litigant without access to legal advice.  This assertion is not a specific objection to the R&R.  Nevertheless, this Court notes Plaintiff was represented by counsel at the last hearing before the ALJ and although a claimant has the right to have representation, the Social Security Administration is not required to provide counsel.  *See Shy v. Berryhill*, 2:16-cv-2456-DCC-MGB 2017 WL 9673619 at *3 n2 (D.S.C. Dec. 28, 2017) ("[T]he SSA is not required to "provide counsel, to find free counsel, or to delay proceedings until a claimant can retain counsel."), adopted 2018 WL 1443949 (D.S.C. Mar. 23, 2018).  Furthermore, this Court is mindful of its duty to liberally construe *pro se* filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed pro se is to be liberally construed" (internal quotation marks  omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view *pro se* filings does not transform the court into an advocate." (cleaned up).

Plaintiff points to the Magistrate Judge's assertion that Plaintiff did not submit any additional evidence or present any arguments about evidence sent by others, arguing he was under the impression the Court would not consider additional evidence.  The sixth sentence of 42 U.S.C. 405(g) provides a court may remand on the basis of additional evidence not presented to the agency "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Plaintiff did not provide any such evidence or indicate he was prejudiced by his belief he could not submit additional evidence.  Thus, to the extent Plaintiff objects to the mention of additional evidence, the objection is overruled.

Judge's [ECF No. 36] R&R as indicated above. The Commissioner's decision is hereby

**AFFIRMED**.

        **IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>January 13, 2023 | <u>s/ R. Bryan Harwell</u><br>R. Bryan Harwell<br>Chief United States District Judge |